UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SOUTH BUFFALO DEVELOPMENT,
LLC,

                        Plaintiff,

v.

PVS CHEMICAL SOLUTIONS, INC., and
NORFOLK SOUTHERN RAILROAD
COMPANY,

                        Defendants.
_____

**REPORT AND RECOMMENDATION**

**Case No. 1-21-cv-1184-WMS-JJM**

Plaintiff South Buffalo Development, LLC ("SBD") moves pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) and 12(f) to dismiss or strike certain affirmative defenses and counterclaims asserted by defendant PVS Chemical Solutions, Inc. ("PVS") [15].[1] The motion has been referred to me by District Judge William M. Skretny for initial consideration [24]. Having reviewed the parties' submissions [15, 17, 18, 19], for the following reasons I recommend that the motion be granted, but with leave to replead.[2]

## BACKGROUND

SBD's Verified Amended Complaint ([1-1] at 28-41) seeks injunctive and compensatory relief for PVS's allegedly improper use of rail spurs and storage of rail cars on SBD's properties located at 5 Babcock Street and 85 Lee Street in the City of Buffalo. In its

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     SBD has also moved for leave to amend its Complaint [23]. That motion will be addressed separately.

Verified Answer With Counterclaims ([1-1] at 46-52), PVS asserts a Fourth Defense alleging that it "has obtained title to the properties by adverse possession, or, at the very least, has obtained an easement by prescription", because its use of the properties "has been adverse, open, notorious, continuous and uninterrupted" for over 30 years. Id., ¶13.

PVS's First Counterclaim alleges that "[t]here is a rail spur adjacent to the PVS premises ('Spur') that PVS has utilized in the operation of its chemical manufacturing facility for a period exceeding thirty (30) years. The use of the Spur by PVS has been adverse, open, notorious, continuous and uninterrupted. By reason of the foregoing, PVS seeks a judgment declaring that PVS has obtained title to the Spur by adverse possession, or, at the very least, has obtained an easement by prescription to continue using the Spur. Id., ¶¶21-23.

PVS's Second Counterclaim alleges that "SBD has recently attempted to interfere with PVS's open, notorious, continuous and uninterrupted use of the Spur by, *inter alia*, commencing this lawsuit and commencing the erection of a fence adjacent to the Spur. In violation of New York Railroad Law §51-a, the fence erected by SBD is/will be within eight feet six inches of the centerline of the tracks comprising the Spur. In addition to interfering with the operation of the Spur, the fence erected by SBD creates a dangerous instrumentality that threatens the safety of anyone working on the Spur adjacent to the fence. In violation of New York Real Property Actions and Proceedings Law §843, the fence erected by SBD is/will be greater than ten feet in height . . . . PVS, therefore, requests entry of an order permanently enjoining SBD . . . from interfering with PVS's lawful use of the Spur." Id., ¶¶27-30, 35.

In moving to dismiss PVS's Fourth Defense and Counterclaims, SBD argues that PVS fails to allege all of the elements of a claim for adverse possession or easement by

prescription easement, that the statutory violations which it alleges are inapplicable, and that its allegations in general are conclusory. SBD's Memoranda of Law [15-2, 19-1].

## DISCUSSION

A.     **Adverse Possession**

PVS recognizes that "'to establish a claim of adverse possession, a party is required to show that possession of the relevant property was (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period.'" PVS's Memorandum of Law [18-4] at 10, *quoting* Parklands E., LLC v. Spangenberg, 174 A.D.3d 1374, 1375-76 (4th Dept. 2019). SBD points out that that "PVS does not even attempt to allege two of the required elements of adverse possession, namely, hostility and exclusivity". SBD's Memorandum of Law [15-2] at 8. PVS responds that "'the hostility element is satisfied where a party asserts a right to the property that is *adverse* to the title owner'". PVS's Memorandum of Law [18-4] at 11, *quoting* Parklands (emphasis in original).

However, the use must be "hostile *and* under claim of right", Parklands, 174 A.D.3d at 1375 (emphasis added), and "the use of 'and' . . . clearly makes both conditions necessary, not merely either of the two". In re Z.H., 245 W. Va. 456, 469, 859 S.E.2d 399, 412 (2021). "[A]n essential element of plaintiffs' adverse possession claim [is] that they continued to possess the property under a claim of right throughout the statutory period", Van Gorder v. Masterplanned, Inc., 78 N.Y.2d 1106, 1108 (1991). PVS does not allege that its use was under claim of right, and "the mere possession of land without any claim of right, no matter how long it may be continued, gives no title". MAG Associates, Inc. v. SDR Realty, Inc., 247 A.D.2d 516, 517 (2d Dept. 1998).

Regarding the requirement of "exclusivity", PVS argues that its "defense and counterclaim both allege that its use of the Spur is 'continuous and uninterrupted', which plainly conveys the . . . exclusive nature of PVS's use of the Spur". PVS's Memorandum of Law [18-4] at 11. I disagree. The requirement of exclusivity is in addition to, rather than synonymous with, the requirement of continuity. Moreover, "possession that does not amount to an ouster of the owner of land is not sufficiently exclusive to support adverse possession", 2 N.Y. Jur. 2d, Adverse Possession §55, and PVS does not allege that its possession ousted the owner from the Spur.

In any event, PVS's Answer contains no factual support or elaboration for its conclusory allegations that its use of SBD's property was adverse, open, notorious, continuous and uninterrupted. "To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face . . . and provide more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement." Shara v. Maine-Endwell Central School District, 46 F.4th 77, 82 (2d Cir. 2022). The plausibility standard applies to "all pleadings, including . . . an affirmative defense". GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98 (2d Cir. 2019). Therefore, "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy". Shechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996).

B. Easement by Prescription

"Under New York law, an easement by prescription 'is generally demonstrated by proof of the adverse, open and notorious, continuous and uninterrupted use of the subject

-4-

property for the prescriptive period.'" PVS's Memorandum of Law [18-4] at 12, *quoting* Colin Realty Co., LLC v. Manhasset Pizza, LLC, 137 A.D.3d 838, 839 (2d Dept. 2016). As with its claim for adverse possession, PVS's Answer provides no factual support or elaboration for its conclusory allegations that these requirements have been met.

**C.     Permanent Injunction**

Although PVS alleges that SBD has violated N.Y. Railroad Law §51-a and N.Y. Real Property Actions and Proceedings Law §843 (Answer, ¶¶28, 30), it admits that its Second Counterclaim for a permanent injunction "is not brought 'pursuant to' or 'under' those provisions of the law". PVS's Memorandum of Law [18-4] at 13. It recognizes that "'[t]o sufficiently plead a cause of action for a permanent injunction, [it] must allege that there was a 'violation of a right presently occurring'". Id., *quoting* Aponte v. Estate of Aponte, 172 A.D.3d 970, 974 (2d Dept. 2019).

However, the rights which PVS claims to have been violated are its right to adverse possession and/or an easement by prescription. Since I conclude that it has not adequately alleged a claim to these rights, it likewise has not adequately alleged a claim for a permanent injunction.

**CONCLUSION**

For these reasons, I recommend that SBD's motion to dismiss PVS's Fourth Defense and Counterclaims [15] be granted, with leave to replead. *See* Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013) ("it is the usual practice upon granting a motion to dismiss to allow leave to replead").

Unless otherwise ordered by District Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by February 17, 2023. Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: February 3, 2023.

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge