UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SOUTH BUFFALO DEVELOPMENT,
LLC,

                       Plaintiff,

v.

PVS CHEMICAL SOLUTIONS, INC., and
NORFOLK SOUTHERN RAILROAD
COMPANY,

                       Defendants.
_____

**REPORT AND RECOMMENDATION**

Case No. 1-21-cv-1184-WMS-JJM

        Plaintiff South Buffalo Development, LLC ("SBD") moves pursuant to Fed. R. Civ. P. ("Rules") 15(a)(2) and 18 to serve and file a Second Amended Complaint against defendant PVS Chemical Solutions, Inc. ("PVS") [23].[1] The motion has been referred to me by District Judge William M. Skretny for initial consideration [24]. Having reviewed the parties' submissions [23, 26, 28], for the following reasons I recommend that the motion be denied.

## BACKGROUND

        SBD's Verified Amended Complaint ([1-1] at 28-41) alleges a single cause of action for trespass, involving PVS's allegedly improper use of rail spurs and storage of rail cars on SBD's properties located at 5 Babcock Street and 85 Lee Street in the City of Buffalo. Its proposed Second Amended Complaint [23-2] expands the list of its involved properties from two to ten (id., ¶2) and adds second and third causes of action, sounding in nuisance and negligence,

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

relating to PVS's allegedly "illegal discharge of sulfur dioxide, hydrogen sulfide, and noxious odors into the ambient air of the Properties". Id., ¶10.

Defendant Norfolk Southern Railway Company "does not formally oppose nor join in plaintiff's Motion for Leave". Jablonski Declaration [27], ¶4. However, PVS opposes the motion, arguing that "the proposed amendment is futile" because it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)". PVS's Memorandum of Law [26] at 10, *quoting* Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002). Therefore, I must decide whether SBD's proposed nuisance and negligence claims could withstand a motion to dismiss.

## DISCUSSION

**A.     Nuisance**

"There are two types of nuisance actions in New York State, public nuisance and private nuisance." Fresh Air for the Eastside, Inc. v. Waste Management of New York, L.L.C., 405 F. Supp. 3d 408, 440-41 (W.D.N.Y. 2019). "A private nuisance threatens one person or a relatively few", whereas a public nuisance "consists of conduct or omissions which . . . injure the property, health, safety or comfort of a considerable number of persons". Copart Industries, Inc. v. Consolidated Edison Co. of New York, 41 N.Y.2d 564, 568 (1977).

SBD limits its claim to "private nuisance, not public nuisance". SBD's Memorandum of Law [28-12] at 5.[2] However, nowhere does the Second Amended Complaint suggest that the alleged nuisance threatens only "one person or a relatively few". For example, ¶23 alleges that PVS "exhausts sulfur dioxide and other byproducts . . . to the ambient air",

---

[2]    "A plaintiff will be bound by statements relating to the complaint and fixing its theory, which appear in . . . [a] memorandum submitted by him or her." 35A C.J.S., Federal Civil Procedure §284; General Insurance Co. of America v. Mezzacappa Bros., 110 F. App'x 183, 185 (2d Cir. 2004).

which is defined as "that portion of the atmosphere . . . to which the general public has access" (40 C.F.R. §50.1(e)), and ¶51 alleges that PVS "subject[s] SBD, its tenants, employees, and invitees to pervasive foul and offensive odors", with no indication of how many persons may be affected.

PVS argues that SBD's "allegations involve nuisance conditions that are too widespread to support a private nuisance claim". PVS's Memorandum of Law [26] at 12. I agree. Therefore, its private nuisance claim cannot be asserted.

**B.   Negligence**

"Pure economic losses (without property damage or personal injury) are not recoverable in a negligence action." Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 16 (2d Cir. 2000). In opposing SBD's proposed claim for negligence, PVS argues that because SBD "alleges no personal injury or property damage", it owes SBD "no duty to protect from economic losses". PVS's Memorandum of Law [26] at 20.

SBD responds that "[t]his is not a case involving 'purely economic loss' as PVS Chemical alleges. This case involves the emission of toxic gases and noxious fumes from the PVS Plant *onto the Properties* in sufficient quantities to make occupants of the Properties physically ill, [for] which SBD seeks remedies of both injunctive relief and money damages". SBD's Memorandum of Law [28-12] at 12. However, SBD is a limited liability company, "not a natural person". In re 45 John Lofts, LLC, 599 B.R. 730, 743 (Bankr. S.D.N.Y. 2019). It cannot itself become "physically ill", nor (lacking a sense of smell) can it be affected by "foul and offensive odors" (Second Amended Complaint, ¶51). It can only assert its "own legal rights and interests, and cannot rest [its] claim to relief on the legal rights or interests of third parties".

Warth v. Seldin, 422 U.S. 490, 499 (1975); Rapillo v. CitiMortgage, Inc., 2018 WL 1175127, *12 (E.D.N.Y. 2018) ("plaintiff cannot assert the rights of others to protect his own interests").

The only injury which SBD itself is capable of sustaining is economic injury to itself, which the Second Amended Complaint does not identify.[3] SBD argues that "even if it involved purely economic loss, [its] negligence claim would still be viable due to the fact that the duties owed by a manufacturer producing toxic chemicals are different than an ordinary landlord". SBD's Memorandum of Law [28-12] at 12, *citing* Baker v. Saint-Gobain Performance Plastics Corp., 232 F. Supp. 3d 233, 245 (N.D.N.Y. 2017), aff'd in part, appeal dismissed in part, 959 F.3d 70 (2d Cir. 2020).

However, Baker cautions that in a pollution case based on negligence, "the land or water of the plaintiffs must have actually been contaminated by toxic substances in order for their property damage claims to survive". 232 F. Supp.3d at 246. While the Second Amended Complaint alleges that PVS discharged "sodium bisulfate into the public sewer system" ([23-2], ¶23), it does not allege that this was a contaminant. Instead, SBD's claim is based upon PVS's "illegal discharge of sulfur dioxide, hydrogen sulfide, and noxious odors *into the ambient air* of the Properties". Id., ¶10 (emphasis added). While SBD alleges that some of the gas "fail[s] to *fully* dissipate before reaching the ground" (id., ¶49, emphasis added), it does *not* allege that the undissipated gas is at a level sufficient to contaminate the ground.

---

[3]   While SBD's attorney submits "[a] table itemizing costs incurred by SBD to date associated with efforts to mitigate the impact of PVS Chemical's emissions on the Properties" (Carbone Declaration [28], ¶14), "a plaintiff may not shore up a deficient complaint through extrinsic documents". Romero v. Metropolitan Transportation Authority, 444 F. Supp. 3d 583, 588 n. 5 (S.D.N.Y. 2020). Moreover, the table fails to explain how the listed expenses (such as a "Fenceline Wall", [28-11] at 2) relate to the offensive odors allegedly generated by SBD.

Therefore, since the Second Amended Complaint does not plausibly allege that SBD itself has sustained personal injury or property damage, its negligence claim likewise cannot be asserted.

## CONCLUSION

For these reasons, I recommend that SBD's motion for leave to amend [23] be denied. Unless otherwise ordered by District Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by February 24, 2023. Any requests for extension of this deadline must be made to Judge Skretny.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: February 10, 2023.

                                                                    JEREMIAH J. MCCARTHY
                                                                   United States Magistrate Judge