UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SOUTH BUFFALO DEVELOPMENT, LLC,

    Plaintiff,

  v.

PVS CHEMICAL SOLUTIONS, INC., and
NORFOLK SOUTHERN RAILROAD
COMPANY,

    Defendants.

**DECISION AND ORDER**
21-CV-1184S

## I. INTRODUCTION

Before this Court are Plaintiff South Buffalo Development's objections to a Report and Recommendation of the Hon. Jeremiah J. McCarthy, United States Magistrate Judge, wherein Judge McCarthy recommends that this Court deny Plaintiff's motion to amend its complaint. With briefing complete and oral argument unnecessary, this Court will accept in part and set aside in part the Report and Recommendation, grant in part and deny in part the objections, and grant Plaintiff leave to amend its complaint to add a private nuisance cause of action.

## II. BACKGROUND

Plaintiff South Buffalo Development, LLC, ("SBD") is a real estate development entity that owns multiple properties in Buffalo, New York. Defendant PVS Chemical Solutions, Inc., ("PVS") is the owner of a property at 55 Lee Street that directly borders Plaintiff's properties. SBD commenced this action in New York State Supreme Court

1

alleging a single cause of action against PVS related to PVS's use of a rail spur situated on one of Plaintiff's properties. Plaintiff then filed an amended complaint adding Norfolk Southern Railroad as a defendant. After Norfolk Southern removed this action to federal court, Plaintiff moved to amend its complaint to add causes of action for private nuisance and negligence against PVS.

In its proposed Second Amended Complaint ("SAC"), SBD adds nine properties to the one named in its original complaint. (Docket No. 23-3, ¶ 3.) It alleges that PVS's property is located immediately southwest of SBD's properties. (Id., ¶ 20.) According to SBD, PVS "exhausts sulfur dioxide and other by products of its production processes to the ambient air outside [PVS's] facility." (Id., ¶¶ 23-28.) Such emissions allegedly violate national air quality standards, and New York's Department of Environmental Conservation has commenced an enforcement action against PVS regarding these emissions. SBD further alleges that, "in addition to the toxic release of sulfur dioxide, PVS Chemical repeatedly causes gases to be released from its plant that permeate the Properties with a pungent rotten egg odor." (Id., ¶¶ 30-32.) SBD alleges that PVS's emissions have forced SBD and its tenant to cease regular use of SBD's properties, and that the "pervasive foul and offensive odors" interfere with the use and enjoyment of SBD's properties and have caused SBD to incur damages. (Id., ¶ 51.)

PVS opposed SBD's motion to amend. Norfolk Southern took no position. On February 10, 2023, Judge McCarthy issued a Report and Recommendation recommending that SBD's motion to amend be denied in its entirety because both proposed amendments were futile. (Docket No. 31.) SBD timely objected, and its objections are now before this Court.

2

### III.  DISCUSSION

In his Report and Recommendation, Judge McCarthy found that amendment would be futile because the proposed SAC did not state a claim for either private nuisance or negligence under New York law. SBD argues that its proposed SAC does state a claim; PVS argues that it does not.

**A.     Standard of Review**

    **1.  Legal Standard**

The parties differ on what standard this Court should use in reviewing Judge McCarthy's Report and Recommendation.  Plaintiff argues that its motion to amend was a dispositive motion, and this Court should therefore apply a *de novo* standard of review. Defendant argues that the motion was non-dispositive and that a clear error standard applies.

A district judge may designate a magistrate judge to consider any pretrial matter pending before the court. See 28 U.S.C. § 636 (b)(1). If the pretrial matter is dispositive of a party's claim or defense, the magistrate judge must enter a recommended disposition—commonly known as a report and recommendation—including proposed findings of fact, when appropriate. See Fed. R. Civ. P. 72 (b)(1). If the pretrial matter is not dispositive of a party's claim or defense, the magistrate judge may resolve it by issuing a written order. See Fed. R. Civ. P. 72 (a).

The distinction is important because it determines the subsequent standard of review: dispositive matters are reviewed *de novo* by the district judge; non-dispositive matters are subject to the lesser clearly-erroneous-or-contrary-to-law standard. See 28

U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72 (a) (clearly-erroneous-or-contrary-to-law standard); Fed. R. Civ. P. 72 (b)(3) (*de novo* review).

Although the Second Circuit has referred to a motion to amend a complaint as a non-dispositive matter, it has not explicitly so decided. Covet & Mane, LLC v. Invisible Bead Extensions, LLC, No. 21CV7740JPCRWL, 2023 WL 2919554, at *1, n. 1 (S.D.N.Y. Mar. 23, 2023) (citing Wilson-Abrams v. Magezi, No. 20-CV-1717, 2022 WL 4545254, at *3 n.6 (W.D.N.Y. Sept. 29, 2022) in turn citing Fielding v. Tollaksen, 510 F.3d 175, 175 (2d Cir. 2007) and Kilcullen v. N. Y. State Dep't of Transp., 55 F. App'x 583, 584-85 (2d Cir. 2003)). Some courts have suggested that a magistrate judge's recommendation to deny a motion to amend a complaint should be treated as dispositive, while a recommendation to grant the same motion should be treated as non-dispositive. Covet & Mane, 2023 WL 2919554, at *1, n. 1 (citing Ashford Locke Builders v. GM Contractors Plus Corp., No. 17-CV-3439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020) ("unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to review under the 'clearly erroneous or contrary to law' standard of Rule 72 (a).")).

This Court finds that Judge McCarthy proceeded appropriately in treating SBD's motion to amend as dispositive. Because denial of SBD's motion to amend would effectively preclude the two causes of action it seeks to add, the motion will be treated as dispositive, and this Court will review the Report and Recommendation *de novo* as required by Rule 72 (b).

**B.     Motions to Amend**

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading

4

with the court's leave, and that the court should "freely give leave when justice so requires." FRCP 15 (a)(2). Leave to amend may be denied, however, if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) would unduly prejudice the opposing party, or (4) would be futile. Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018) (citing McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted). A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Ballard v. Parkstone Energy, LLC, No. 06-CV-13099 (RWS), 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008).

Under the Rule 12(b)(6) standard, the court accepts as true the non-conclusory factual allegations in the pleading and draws all reasonable inferences in the pleader's favor. Wells Fargo Sec., LLC v. LJM Inv. Fund, L.P., No. 18 CV 2020-LTS-SLC, 2021 WL 1198931, at *4 (S.D.N.Y. Mar. 30, 2021) (citing Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007)). To survive a motion to dismiss, a pleading must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). However, a "pleading that offers labels and conclusions or a formulaic recitation of elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citations omitted). To state a claim upon which relief can be granted, its factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**C.     Private Nuisance**

SBD seeks to amend its complaint to add a claim for private nuisance. It alleges

that PVS's emissions onto its properties are interfering with its use and enjoyment of its land. PVS argues, agreeing with Judge McCarthy, that such amendment would be futile because it fails to state a claim.

### 1. Legal Standard

"There are two types of nuisance actions in New York State, public nuisance and private nuisance." Hicksville Water Dist. v. Philips Elecs. N. Am. Corp., No. 2:17-CV-04442 (ADS)(ARL), 2018 WL 1542670, at *7 (E.D.N.Y. Mar. 29, 2018). "A public nuisance under New York law exists when there is a substantial interference with a public right." Johnson v. Bryco Arms, 304 F. Supp. 2d 383, 390 (E.D.N.Y. 2004). Harms that are experienced by the public at large are generally remedied, on behalf of the public, by state regulation and enforcement.  Davies v. S.A. Dunn & Co., LLC, 156 N.Y.S.3d 457, 461 (App. Div. 2021), leave to appeal denied, 38 N.Y.3d 902 (N.Y. 2022) ("A public nuisance is 'an offense against the [s]tate and is [generally] subject to abatement or prosecution on application of the proper governmental agency.'") (citing Copart Indus. v. Consolidated Edison Co. of N.Y., 362 N.E.2d 968, 971 (N.Y. 1977)).  A private party can bring a public nuisance claim only if it is able to allege a "special injury" distinct from the harm suffered by the community at large. Janki Bai Sahu v. Union Carbide Corp., 528 F. App'x 96, 101 n.4 (2d Cir. 2013) (citing 532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc., 750 N.E.2d 1097, 1104 (N.Y. 2001)).

In contrast, "[a] private nuisance threatens one person or a relatively few, an essential feature being an interference with the use or enjoyment of land." Copart, 362 N.E.2d at 971 (internal citations omitted); see Scribner v. Summers, 84 F.3d 554, 559 (2d Cir. 1996) (same).  SBD asserts that the claim it wishes to add is for private nuisance.

Under New York law, a private nuisance claim may be brought under the theory that a defendant intentionally interfered with others' right to enjoy their land or that a defendant's negligence caused an interference with others' right to enjoy their land. Cangemi v. United States, 13 F.4th 115, 136 (2d Cir. 2021) (citing Copart, 362 N.E.2d at 972 (citing Restatement (Second) of Torts § 822 (Am. L. Inst. 1975)). Where intentional nuisance is alleged, plaintiffs must prove five elements: "(1) an interference substantial in nature, (2) intentional in origin, [and] (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failing to act." Copart, 362 N.E.2d at 968.

"Under New York law, a private nuisance ... must affect a relatively small number of people. If not, the wrong becomes a public nuisance." Baker v. Saint-Gobain Performance Plastics Corp., 232 F. Supp. 3d 233, 247-48 (N.D.N.Y. 2017) (citations omitted), aff'd in part, appeal dismissed in part, 959 F.3d 70 (2d Cir. 2020). The line between the "relatively small number" and the "public at large" is not clearly drawn, but a survey of caselaw provides some indications of where it might lie. In Baker, the Northern District of New York found that an action by "all renters and owners in [the town of] Hoosick Falls [New York]" failed to state a claim for private nuisance because of the number of plaintiffs. 232 F. Supp. 3d at 247–48. In Fresh Air for the Eastside, Inc. v. Waste Mgmt. of New York, L.L.C., the Western District of New York dismissed a private nuisance claim by 220 individual plaintiffs, who "live or previously lived anywhere from 0.3 to 4 miles from the Landfill" and had been "adversely impacted" by the Landfill's activities, where plaintiffs alleged that the Landfill's impacts also reached nearby businesses, recreational facilities, dining areas, and an elementary school. 405 F. Supp.

7

3d 408, 440–41 (W.D.N.Y. 2019).

In general, then, courts dismiss private nuisance causes of action where the conduct complained of affects a "large group of people." Taunus Corp. v. City of New York, 279 F. Supp. 2d 305, 312 n.5 (S.D.N.Y. 2003) ("I also question whether the plaintiffs' claim can be characterized as a private nuisance, given that the conduct complained of affected a large group of people, and not just one person or a small number of persons."). See also Cedar & Wash. Assocs., LLC v. Bovis Lend Lease LMB, Inc., 944 N.Y.S.2d 47 (App. Div. 2012) (private nuisance claim "fails because the alleged nuisance affects a wide area and adjacent properties").

At the same time, "relatively few" can mean more than one plaintiff or be an interference with more than one discrete property. In 69 Bloomingdale, LLC v. Coral Graphics, Inc., for example, the plaintiff was a New York limited liability company that owned "properties located at 69-83 Bloomingdale Road," onto which properties a plume of contaminated water had migrated from the defendant's property. No. 20CV2613RPKSIL, 2021 WL 7830149, at *1 (E.D.N.Y. July 14, 2021) ("Plaintiff has established a valid claim for private nuisance because, as stated in the Complaint, Defendants' negligent or reckless invasion by way of its contamination interfered and continues to interfere with its use or enjoyment of the Bloomingdale Site.")

### 2. SBD's proposed SAC states a claim for private nuisance.

Judge McCarthy found that SBD's proposed SAC failed to state a claim for private nuisance. Because SBD alleged the discharge of sulfur dioxide into the "ambient air" and the discharge of sodium bisulfate into the "public sewers," Judge McCarthy found that SBD was alleging a harm to the "public at large," not to the "relatively small number"

8

required for a private nuisance claim under New York law.

It is true that certain of SBD's allegations allege harm to the public at large. As Judge McCarthy stated, the allegation that PVS "exhausts sulfur dioxide and other byproducts of its production processes to the ambient air outside the facility…as well as discharging sodium bisulfate into the public sewer system" "involve[s] nuisance conditions that are too widespread to support a private nuisance claim." (Docket No. 31 at p. 3, quoting Docket No. 23-2, ¶ 23.)

But SBD also alleges that PVS emits gases that "subject SBD, its tenants, employees and invitees to pervasive foul and offensive odors" and that it "repeatedly causes gases to be released from its plant that permeate the Properties [i.e. the ten SBD-owned properties that abut PVS's property] with a pungent rotten egg odor." (Docket No. 23-2, ¶ 30.)

This Court finds that this allegation suffices to state a claim for private nuisance. SBD is a single entity that alleges that it owns 10 properties, all of which abut PVS's site. The facts here are distinguishable from the cases PVS cites. Unlike Fresh Air for Eastside, with 200 plaintiffs, or Baker, with plaintiffs encompassing an entire town's population, here SBD is alleging noxious odors drifting onto ten properties owned by one entity and abutting the emitting property. This Court cannot say as a matter of law that this exceeds the "relatively small number" of plaintiffs permitted for a private nuisance claim.

Further, this Court finds that SBD has sufficiently alleged the other elements of a private nuisance claim. It alleges that the pungent, rotten-egg odors are a substantial interference, that PVS intentionally emits the gases that contain the odors, and that this interference with SBD's use and enjoyment of its land is unreasonable. Copart, 41 N.Y.2d

at 169.

Taking SBD's allegations as true, this Court finds that SBD's proposed private nuisance claim is not futile insofar as it alleges the emission of a pungent, rotten-egg odor onto SBD's ten abutting properties. It therefore will not adopt Judge McCarthy's recommendation to deny SBD's motion to add this claim.

## C. Negligence

SBD also seeks to add a claim for negligence against PVS. It alleges that PVS is liable to it for the harms PVS's emissions have caused it. PVS argues that SBD has failed to state a claim for negligence. This Court agrees with Judge McCarthy that the proposed SAC does not state a claim for negligence.

### 1. Legal Standard

Under New York law, "a plaintiff must establish three elements to prevail on a negligence claim: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" D'Amico v. Waste Mgmt. of N.Y., LLC, No. 6:18-CV-06080 EAW, 2019 WL 1332575, at *4 (W.D.N.Y. Mar. 25, 2019) (quoting Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000) in turn quoting Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333 (1981)).

New York's "economic loss" rule governs the kinds of harm that can be remedied by a negligence cause of action. Importantly, "New York does not recognize a tort cause of action when only economic loss is sought." Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc., 211 F.R.D. 71, 82 (E.D.N.Y. 2002). See also Suffolk Cnty. v. Long Island Lighting Co., 728 F.2d 52, 62 (2d Cir. 1984) ("New York law holds that a negligence action seeking recovery for economic loss will not lie."). In other words, to recover in

negligence, a plaintiff must sustain either physical injury or property damage resulting from the defendant's alleged negligent conduct. Davies v. S.A. Dunn & Co., LLC, 156 N.Y.S.3d 457, 464–65 (App. Div. 2021), leave to appeal denied, 38 N.Y.3d 902, 185 N.E.3d 1004 (2022).

Odors, even noxious odors, without more, do not constitute the kind of property damage required to state a claim for negligence. Davies, 156 N.Y.S. 3d at 457 (dismissal of negligence claim required where noxious odors at issue were "transient in nature" and "d[id] not have a continuing physical presence," and where plaintiffs did not allege "any tangible property damage or physical injury resulting from exposure to the odors").

### 2. SBD's proposed SAC does not state a claim for negligence.

Judge McCarthy found that SBD had not alleged any damages beyond economic loss to itself. SBD alleges that the emissions and odors from PVS "have caused a substantial and unjustifiable interference with the use and enjoyment of the Properties… and have caused SBD to incur damages arising from same." (Docket No. 23-2, ¶ 32.) This Court agrees with Judge McCarthy that SBD's proposed SAC does not allege any personal injury or property damage as required by New York's economic loss rule.

SBD argues that airborne particles can cause sufficient property damage to sustain a negligence claim, citing Black v. George Weston Bakeries, Inc., No. 07-CV-853S, 2008 WL 4911791, at *1 (W.D.N.Y. Nov. 13, 2008). But the facts in Black are distinguishable from those alleged here. In Black, the plaintiffs alleged that a neighboring bakery had emitted "noxious discharges," including mold, mold spores, and fungus, that these emissions had aerosolized and coated plaintiffs' properties with mold and mold residue, and that the mold and its residue had discolored their properties and damaged the exterior

11

of their properties. Id. The plaintiffs also alleged the loss of rental income from having to seek reduced rental costs and difficulty in finding replacement tenants. Id. In Black, this Court found that the plaintiffs had alleged an injury to their property beyond their economic loss. Id. at *3.

Here, SBD does not allege any property damage stemming from the noxious odors and gases that flow onto its properties. It does not allege that any buildings have been damaged, as in Black, supra, or that any soil has been contaminated, as was required in Baker. See Baker, 232 F. Supp. 3d at 246 (in a negligence action based on pollution, "the land or water of the plaintiffs must have actually been contaminated by toxic substances in order for their property damage claims to survive"). And foul odors, without more, are simply too impermanent to cause the kind of property damage or personal injury required by the economic loss rule. Davies, 200 A.D.3d at 16–17. This Court therefore finds that amendment to add a negligence claim would be futile, and leave to amend on this basis is therefore denied.

## D.  Request to Transfer

PVS asks that this case be transferred to the Hon. John L. Sinatra, United States District Judge, if this Court permits SBD to amend its complaint. (Docket No. 34 at p. 16.) PVS argues that this case is related to a civil case brought by what it claims is SBD's tenant, Medaille College, asserting similar causes of action. In that action, Judge Sinatra denied Medaille College a preliminary injunction on a private nuisance claim against PVS because he did not find a likelihood of success on the merits. See Case No. 21-CV-662.

Pursuant to Local Rule of Civil Procedure 5.1 (e), an attorney in a civil case must notify the Clerk promptly when it believes that a civil case is "related to some other

*pending* civil or criminal action(s) such that its assignment to the same Judge would avoid unnecessary duplication of judicial effort." L. R. Civ. P. 5.1 (e) (emphasis added). Here, by PVS's own admission, the case before Judge Sinatra has been terminated, such that there is no "pending civil action" as referred to in Rule 5.1. This Court will therefore deny PVS's request that this case be transferred to Judge Sinatra.

## IV.  CONCLUSION

Because this Court finds that SBD's proposed SAC states a claim for private nuisance, sets aside Judge McCarthy's Report and Recommendation as to that claim and will permit SBD to add a private nuisance claim. Because this Court agrees with Judge McCarthy that the proposed SAC fails to state a claim for negligence, it accepts the Report and Recommendation as to that claim, and denies Plaintiff's motion to add this claim.

## V.  ORDERS

IT HEREBY IS ORDERED, that the Report and Recommendation (Docket No. 31) is ACCEPTED in part and SET ASIDE in part, consistent with the foregoing decision.

FURTHER, that SBD's Objections (Docket No. 32) are GRANTED in part and DENIED in part.

FURTHER, that SBD's Motion to Amend (Docket No. 23) is GRANTED IN PART and DENIED IN PART. Its motion to add a private nuisance claim is granted, but its motion to add a negligence claim is denied as futile.

FURTHER, that SBD may file a Second Amended Complaint adding a private nuisance cause of action, but not including a negligence cause of action, within 14 days

of the entry date of this decision.

FURTHER, that PVS must answer or otherwise respond to the Second Amended Complaint within 21 days of its filing.

SO ORDERED.


Dated:      May 30, 2023
            Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge