UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SOUTH BUFFALO DEVELOPMENT, LLC,

Plaintiff,

-against-                                                                Index No.: 811769/2021

PVS CHEMICAL SOLUTIONS, INC.
NORFOLK SOUTHERN RAILROAD COMPANY,

Defendants.

---

## SECOND AMENDED COMPLAINT

Plaintiff, SOUTH BUFFALO DEVELOPMENT, LLC ("SBD"), by and through its

attorneys, Duke, Holzman, Photiadis & Gresens LLP, as and for its Second Amended Complaint

against defendants, PVS CHEMICAL SOLUTIONS, INC. ("PVS Chemical") and NORFOLK

SOUTHERN RAILROAD COMPANY ("Norfolk Southern") alleges as follows:

## PARTIES

1.      At all times relevant to this action, SBD is and has been a New York limited

liability company with its principal place of business at 140 Lee Street, City of Buffalo, County

of Erie, State of New York.

2.      SBD is the owner in fee of the following real properties located in South Buffalo,

New York (the "Properties"):

      a.      85 Lee Street

      b.      140 Lee Street

      c.      339 Elk Street

      d.      427 Elk Street

e.      5 Babcock Street

f.      1002 South Park Avenue

g.      1337 South Park Avenue

h.      98 Maurice Street

i.      145 Prenatt

j.      2 Buffalo Creek RR

3.      SBD is principally engaged in the business of acquiring, remediating, redeveloping, managing, and leasing the Properties for profit.

4.      Upon information and belief, at all times relevant to this action, defendant PVS Chemical is and has been a Michigan Corporation authorized to conduct business in the State of New York, with its principal place of business located at 10900 Harper Avenue, City of Detroit, County of Wayne, State of Michigan.

5.      Upon information and belief, at all times relevant to this action, the defendant Norfolk Southern is and has been a Foreign Business Corporation authorized to conduct business in the State of New York, with its principal place of business located at 80 State Street, City of Albany, County of Albany, State of New York.

6.      Upon information and belief, PVS Chemical maintains an office located at 55 Lee Street, City of Buffalo, County of Erie, State of New York.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as this action is between citizens of different states and the amount in controversy exceeds $75,000.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claims occurred in this judicial district.

2

9.      In addition, SBD is a resident of the judicial district in which this Court sits.

## FACTUAL BACKGROUND

10.     This action arises out of multiple unlawful interferences into SBD's use and enjoyment of the Properties, including (i) PVS Chemical's illegal movement and storage of rail cars, the contents of which are unknown to SBD, onto the Properties, (ii) PVS Chemical's use of one or more rail spurs located on the Properties that are for the sole benefit of SBD as sole owner of the Properties; and (iii) PVS Chemical's illegal discharge of sulfur dioxide, hydrogen sulfide, and noxious odors into the ambient air of the Properties.

11.     This conduct occurred on the Properties despite that (i) SBD is the sole owner of the Properties, and (ii) PVS Chemical has no ownership or other legal rights to use or enjoy the Properties for any reason.

12.     This conduct was performed without permission or authorization from SBD or any of its authorized representatives, was performed without any explicit or implicit consent by SBD or any of its authorized representatives and was performed without any warning or notice to either SBD or any of its authorized representatives.

13.     The rail spurs located on the Properties are owned by the defendant Norfolk Southern. Upon information and belief, Norfolk Southern holds the easement on the Properties and is permitting PVS Chemical's trespass to occur.

## Rail Spur Facts

14.     On July 7, 202 1, SBD, bv and through its attorneys, sent correspondence to PVS Chemical's attorney, David Roach, notifying Mr. Roach that PVS Chemical is unlawfully using a rail spur located on the Properties, which rail spur is for the sole use and benefit of SBD as sole

owner of the Properties, not PVS Chemical. A copy of this correspondence is attached hereto as Exhibit "A".

15.     On July 19, 2021, following PVS Chemical's continued unlawful trespassing onto the Properties and use of one or more rail spurs located thereon, SBD by and through its attorneys again sent correspondence to Mr. Roach notifying him of PVS Chemical's continued unlawful conduct on the Properties. A copy of this correspondence is attached hereto as Exhibit "B".

16.     PVS Chemical continues to move and store one or more rail cars onto the Properties and utilize one or more rail spurs on the Properties to store such rail cars, despite SBD's repeated demands to cease such activity.

17.     Upon information and belief, Norfolk Southern is aware of PVS Chemical's trespass onto the Properties and is permitting the trespass to occur, despite SBD's repeated demands to cease such activity.

**Illegal Emissions Facts**

18.     Upon information and belief, PVS Chemical is a business principally engaged in processing, manufacturing, and selling chemicals for commercial and industrial use.

19.     Upon information and belief, PVS Chemical is the owner in fee of the property located at 55 Lee Street, Buffalo, New York in the County of Erie (the "PVS Property").

20.     The PVS Property is located immediately southwest of the Properties, making SBD uniquely susceptible to harm from toxic emissions produced in the course of chemical manufacturing on the PVS Property due to the Properties close proximity.

21.     Upon information and belief, the primary products produced at the chemical production plant (the "PVS Plant") operated at the PVS Property are sulfuric acid and oleum.

4

22.     The "contact" process used by PVS Chemical in producing sulfuric acid releases sulfur oxides (SOx), including sulfur dioxide (SO2), as a byproduct.

23.     PVS Chemical exhausts sulfur dioxide and other byproducts of its production processes to the air outside the facility via a number of emission points at the PVS Plant, as well as discharging sodium bisulfate into the public sewer system.

24.     The emission of air pollutants such as sulfur dioxide and hydrogen sulfide, both of which present hazards to human health, is subject to regulation under state and federal laws.

25.     On July 10, 2020, DEC initiated ambient air monitoring on the Properties.

26.     From September 1, 2020 through October 18, 2020, DEC recorded 37 exceedances of the 1-hr sulfur dioxide National Ambient Air Quality Standards ("NAAQS") in 47 calendar days.

27.     Due to these exceedances, DEC issued Notices of Violation to PVS.

28.     On or about September 3, 2021, PVS Chemical and DEC entered into an Order on Consent (the "Consent Order") resolving the administrative enforcement action by the DEC against PVS Chemical for the above-described Notices of Violation.

29.     Despite the Consent Order being in place, PVS Chemical has continued repeatedly violating state and federal emissions laws by discharging sulfur dioxide from its plant in excess of NAAQS.

30.     In addition to the toxic release of sulfur dioxide, PVS Chemical repeatedly causes gases to be released from its plant that permeate the Properties with a pungent rotten egg odor.

31.     Upon information and belief, the rotten egg odor emanates from the release of hydrogen sulfide at the PVS Property.

5

32.     These actions have caused a substantial and unjustifiable interference with the use and enjoyment of the Properties, as well as the use and enjoyment of the Properties by SBD's tenants, and have caused SBD to incur damages arising from same.

## FIRST CAUSE OF ACTION
### (Trespass – Rail Spur)

33.     SBD repeats, reiterates, and re-alleges each and every allegation that is set forth in paragraphs "1" through "32" of this Complaint with the same force and effect as though fully set forth at length herein.

34.     As alleged above, upon information and belief, PVS Chemical and/or those acting on its behalf entered onto the Properties to utilize one or more rail spurs located thereon to move and store rail cars, the contents of which are unknown to SBD.

35.     Further as alleged above, PVS Chemical's conduct was negligent, reckless, intentional, willful, wanton, and/or malicious and without justification because PVS Chemical knew or should have known that SBD was the sole lawful owner of the Properties, that the rail spur(s) PVS Chemical utilized to store rail cars are for the sole use and benefit of the Properties, and/or that PVS Chemical had no lawful right, interest, title, and/or estate that allowed it to engage in the aforementioned conduct.

36.     The aforementioned conduct constitutes a substantial interference with SBD's right to use, enjoy, and possess the Properties, thereby causing SBD to sustain damages.

37.     The continued moment and presence of PVS Chemical's rail car(s) across and onto the Properties, the contents of which are unknown to SBD, constitutes continuing interference with SBD's right to use, enjoy, and possess the Properties.

38.     SBD has since demanded that PVS Chemical refrain from this conduct, but, upon information and belief, PVS Chemical continues to engage in this conduct on the Properties.

39.     Based on the foregoing, SBD is entitled to a permanent injunction enjoining PVS Chemical and/or anyone acting on its behalf and/or with its authorization from engaging in the following: (i) moving rail cars onto the Properties; (ii) utilizing rail spurs on the Properties for any reason and for any length of time; and (iii) any other act of trespassing or other illegal conduct on the Properties.

40.     As a result of PVS Chemical's trespass, this Court should permanently enjoin Norfolk Southern from using the easement on the Properties from anyone but SBD.

41.     Additionally, based on the foregoing, SBD is entitled to a judgment for a monetary amount that is sufficient to remediate all damage caused to the Properties as a result of PVS Chemical's unlawful conduct and restore the Properties as closely as possible to its condition prior to the aforesaid conduct, plus attorneys' fees, interest, costs, and disbursements.

### SECOND CAUSE OF ACTION
**(Nuisance – Illegal Emissions)**

42.     SBD repeats, reiterates, and re-alleges each and every allegation that is set forth in paragraphs "1"through "41" of this Complaint with the same force and effect as though fully set forth at length herein.

43.     Upon information and belief, PVS Chemical owns, operates, and maintains at the PVS Plant certain equipment, facilities, apparatus, and/or instrumentalities that produce sulfur dioxide emissions in the course of manufacturing sulfuric acid and oleum chemicals.

44.     Upon information and belief, PVS Chemical commercially sells such sulfuric acid and oleum chemicals for profit.

45.     Sulfur dioxide is a known highly toxic gas that, among other conditions, causes lung damage and acid rain.

7

46.     PVS Chemical's production facility produces flue gas containing sulfur dioxide that is vented to the atmosphere.

47.     Defendants knowingly and/or with a reckless disregard for the rights of others have caused sulfur dioxide to be emitted from the PVS Plant and onto the Properties in concentrations that exceed state and federal regulations, including, without limitation, the NAAQS.

48.     PVS Chemical knowingly and/or with a reckless disregard for the rights of others has caused objectively offensive odors to be emitted from the PVS Plant.

49.     PVS Chemical knowingly and/or with a reckless disregard for the rights of others has caused plumes of flue gas to be emitted from the PVS Plant in quantities that frequently fail to fully dissipate before reaching the ground.

50.     The sulfur dioxide emissions, hydrogen sulfide emissions, and noxious orders and plumes have caused, and continue to cause, a substantial interference with Plaintiffs' use and enjoyment of the Properties.

51.     Among other interferences, PVS Chemical's conduct has resulted in toxic gases being emitted onto the Properties in concentrations that exceed state and federal regulations; SBD and its tenant, Medaille College, being ordered by multiple government agencies to cease regular use of the Properties due to potential health hazards presented by the sulfur dioxide emissions; subjecting SBD, its tenants, employees, and invitees to toxic emissions and offensive odors in concentrations that have caused irritation to respiratory pathways, mucous membranes, and eyes; New York State Department of Environmental Conservation locating sulfur dioxide monitoring equipment on SBD's property to gauge exceedances; New York State Department of

8

Health posting notices on SBD's property about potential hazards of sulfur dioxide exposure; and SBD's contractor and tenant being directed by government agencies to implement certain enhanced health and safety requirements when working on-site.

52.   Upon information and belief, SBD is uniquely impacted by the aforesaid toxic emissions and offensive odors based on the proximity of the Properties to the PVS Plant which are subjected to emissions in concentrations that are not experienced by other neighboring properties.

53.   All of the foregoing significantly and unjustifiably impair use, occupancy, and enjoyment of the Properties.

53.   PVS Chemical's conduct evinces a conscious and deliberate disregard of the interests of SBD, its tenants, invitees, and customers sufficient to be called wilful or wanton, warranting imposition of punitive damages against PVS Chemical.

54.   As a direct and proximate result of the foregoing, SBD has suffered damages in an amount to be proven at trial.

**<u>DEMAND FOR JURY TRIAL PURSUANT TO FED. R. CIV. P. 38</u>**

63.   Pursuant to Federal Rule of Civil Procedure 38, SBD hereby demands trial by jury of all claims and issues in this action.

**WHEREFORE**, Plaintiff, South Buffalo Development, LLC, demands a judgment against the defendants, PVS Chemical Solutions, Inc. and Norfolk Southern Railroad Company, as follows:

a.   On its First Cause of Action (*Trespass*), for preliminary and permanent injunction enjoining PVS Chemical and/or anyone acting on its behalf and/or with its authorization from: (i) moving rail cars onto the Properties; (ii) utilizing rail spurs

on the Properties for any reason and for any length of time; and (iii) any other act of trespassing or other illegal conduct on the Properties, together with damages that are sufficient to reimburse SBD for all damages caused to the Properties as a result of PVS Chemical's unlawful conduct, together with reasonable attorneys' fees, costs, disbursements, and expenses that have been and that will be incurred in connection with this action and that have been and that will be otherwise incurred to address and to cure PVS Chemical's conduct;

b.   On its First Cause of Action (*Trespass*), for a permanent injunction prohibiting Norfolk Southern, its successors and assigns from using the easement on the Properties;

c.   On its Second Cause of Action (*Nuisance*), for a preliminary and permanent injunction enjoining PVS Chemical and/or anyone acting on its behalf and/or with its authorization from discharging any emissions, odors, or substances onto the Properties that interfere with use and enjoyment of the Properties by SBD, its tenants, and invitees, together with money damages and punitive damages that are sufficient to reimburse SBD for all damages caused to the Properties as a result of PVS Chemical's unlawful conduct, together with reasonable attorneys' fees, costs, disbursements, and expenses that have been and that will be incurred in connection with this action and that have been and that will be otherwise incurred to address and to cure PVS Chemical's conduct;

d.   For statutory interest on any monetary amounts awarded; and

e.   For such additional and further relief that the Court and/or jury deems just and proper.

Dated: June 8, 2023
Buffalo, New York

**DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP**

By: _Gregory P. Photiadis_
Gregory P. Photiadis, Esq.
Robert C. Carbone, Esq.
*Attorneys for Plaintiff,*
*South Buffalo Development LLC*
701 Seneca Street
Suite 750
Buffalo, New York 14210
Telephone: (716) 855-1111
E-mail: rcarbone@dhpglaw.com
        gpp@dhpglaw.com