UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SOUTH BUFFALO DEVELOPMENT, LLC,          REPLY TO COUNTERCLAIMS

              Plaintiff,

                              Case No.: 1:21-CV-01184

-vs-

PVS CHEMICAL SOLUTIONS, INC., and
NORFOLK SOUTHERN RAILROAD COMPANY,

              Defendants.

_____

       Plaintiff South Buffalo Development, LLC by and through its counsel Duke, Holzman, Photiadis & Gresens LLP states and alleges the following in response to the Counterclaims asserted by Defendant PVS Chemical Solutions, Inc.:

      1.      Plaintiff denies the allegations of paragraph 36.

      2.      Plaintiff denies knowledge and information sufficient to admit or deny the allegations of paragraph 37 at present.

      3.      Plaintiff admits the allegations of paragraph 38.

      4.      Plaintiff admits the allegations of paragraph 39.

      5.      Plaintiff admits the allegations of paragraph 40.

      6.      Plaintiff denies the allegations of paragraph 41.

      7.      Plaintiff denies the allegations of paragraph 42.

      8.      Plaintiff denies the allegations of paragraph 43.

      9.      Plaintiff denies the allegations of paragraph 44.

      10.      Plaintiff denies the allegations of paragraph 45.

      11.      Plaintiff denies the allegations of paragraph 46.

      12.      Plaintiff denies the allegations of paragraph 47.

13.     Plaintiff denies the allegations of paragraph 48.

14.     Plaintiff denies the allegations of paragraph 49.

15.     Plaintiff denies the allegations of paragraph 50.

16.     The allegations of paragraph 51 state a legal conclusion to which no response is required.

17.     Plaintiff denies the allegations of paragraph 52.

18.     The allegations of paragraph 53 state a legal conclusion to which no response is required.

19.     Plaintiff denies the allegations of paragraph 54.

20.     Plaintiff denies the allegations of paragraph 55.

21.     Plaintiff denies the allegations of paragraph 56.

22.     Plaintiff denies the allegations of paragraph 57.

23.     Plaintiff denies the allegations of paragraph 58.

24.     Plaintiff denies the allegations of paragraph 59.

25.     Plaintiff admits the allegations of paragraph 60.

26.      Plaintiff admits the allegations of paragraph 61.

27.     Plaintiff denies the allegations of paragraph 62.

28.     Plaintiff denies the allegations of paragraph 63 and directs the parties to the referenced documents for their content and asserts that Defendant ignores the full context of said communications.

29.     Plaintiff denies the allegations of paragraph 64.

30.     Plaintiff denies the allegations of paragraph 65.

31.     Plaintiff admits that Mr. Williams was speaking on behalf of Plaintiff and otherwise denies the allegations of paragraph 66.

32.     The allegations of paragraph 67 state a legal conclusion to which no response is required.

33.     Plaintiff denies the allegations of paragraph 68.

34.     Plaintiff directs the parties to the referenced documents in response to paragraph 69 for their content and asserts that Defendant ignores the full context of said communications.

35.     Plaintiff denies the allegations of paragraph 70.

36.     Plaintiff denies the allegations of paragraph 71.

37.     Plaintiff denies the allegations of paragraph 72.


Plaintiff alleges the following defenses to the alleged Counterclaims upon information and belief:

### FIRST DEFENSE

1.     Plaintiff's alleged statements were truthful and therefore protected speech.

### SECOND  DEFENSE

2.     Plaintiff's alleged statements were opinion and therefore protected speech.

### THIRD  DEFENSE

3.     Plaintiff's alleged statements were protected qualified privilege assertions made in good faith to parties charged with hearing and receiving such complaints and assertions.

### FOURTH  DEFENSE

4.     Counterclaim Plaintiff PVS suffered no damages on account of Plaintiff's alleged actions.

### FIFTH  DEFENSE

5.     Any damages allegedly suffered by Counterclaim Plaintiff PVS were by reason of its own actions and/or inaction and were not proximately caused by Plaintiff.

### SIXTH  DEFENSE

6.     Plaintiff's alleged actions and/or statements were not negligent.

## SEVENTH  DEFENSE

7.      Plaintiff's alleged statements involved issues of public concern and were not malicious.

## EIGTH  DEFENSE

8.      Counterclaim Plaintiff PVS' alleged use of the rail spur was not exclusive, open, obvious, notorious, and said party has no right to the exclusive use of said rail spur for the storage of rail cars to the exclusion or detriment of other parties.

## NINTH  DEFENSE

9.      Counterclaim Plaintiff PVS' storage of chemicals and controlled materials on property owned by others is unlawful, hazardous, reckless and negligent, putting adjacent property owners and guests thereof at unnecessary risk.

## TENTH  DEFENSE

10.     Counterclaim Plaintiff PVS' storage of chemicals and controlled materials on unsecured property owned by others put and puts adjacent property owners and guests thereof at unnecessary risk.

## ELEVENTH  DEFENSE

11.     Counterclaim Plaintiff PVS' alleged reliance upon the use of the adjacent rail spur for its business operations was and is unreasonable, not warranted and to the detriment of other nearby property owners and guests thereof.

## TWELFTH  DEFENSE

12.     No irreparable harm has occurred or will occur by reason of Plaintiff's alleged conduct.

## THIRTEENTH  DEFENSE

13.     A balancing of the equities tips in favor of Plaintiff, an adjacent property owner entitled to full, peaceful and uninterrupted use of its property without interference by Counterclaim Plaintiff PVS.

## FOURTEENTH  DEFENSE

14.     Counterclaim Plaintiff PVS' claims and requests for equitable relief are barred by reason of its unclean hands.

## FIFTEENTH  DEFENSE

15.     All and/or parts of Counterclaim Plaintiff PVS' defamation claims are time-barred by the applicable statute of limitations.


Dated:  July 18, 2023
        Buffalo, New York

**DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP**


By:   s/ *Matthew J. Beck*
        Matthew J. Beck, Esq.
        Gregory P. Photiadis, Esq.
        *Attorneys for Plaintiff,*
        *South Buffalo Development LLC*
        701 Seneca Street
        Suite 750
        Buffalo, New York 14210
        Telephone: (716) 855-1111
        E-mail: mjbeck@dhpglaw.com
                  gpp@dhpglaw.com